UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACHAURALEIGHN ROSARIO,<br><br>Plaintiff,<br><br>v.<br><br>NATIVIDAD MEDICAL CENTER, et al.,<br><br>Defendants. | Case No. 24-cv-01598-SI<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 52 |

Following settlement with the defendant who removed this case to federal court, plaintiff seeks a remand to state court. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is suitable for resolution without oral argument, and VACATES the March 28, 2025 hearing. For the reasons stated below, the Court GRANTS the motion to remand.

**BACKGROUND**

This case arises out of the death of Dante Rosario, plaintiff LaChauraleighn Rosario's son. On April 19, 2023, Monterey County Emergency Medical Services responded to a call regarding a medication overdose and possible suicide attempt by Mr. Rosario. Dkt. No. 49 at 2. Mr. Rosario was transported to Natividad Medical Center ("NMC") where Dr. Christopher Martin and Dr. Preston Gentry evaluated him. *Id.* Mr. Rosario was subsequently placed on a 72-hour hold in NMC's mental health unit. *Id.* On April 21, 2023, Dr. Miguel Acuna determined that Mr. Rosario no longer met the criteria for an involuntary hold and Mr. Rosario left NMC. *Id.* at 2-3. That evening, an Amtrak train struck and killed Mr. Rosario. *Id.* at 3.

On October 24, 2023, plaintiff brought a personal injury/wrongful death action in Monterey County Superior Court against the following defendants: Monterey County d/b/a Natividad Medical

1   Center, Dr. Martin, Dr. Gentry, Dr. Acuna, National Railroad Passenger Corporation d/b/a Amtrak,
2   Union Pacific Railroad Company, and Does 1-100.  Dkt. No. 1, Ex. A.  On March 14, 2024, eight
3   days after being served with the complaint, Amtrak removed the case to this Court under federal
4   question jurisdiction based on Amtrak's status as a federal corporation.  Dkt. No. 1 at 1-2.

5         After removal, the County and the three doctors served plaintiff with written discovery
6   requests, including requests for admissions.  Dkt. No. 54-1 ¶¶ 5-7.  Plaintiff responded to the
7   individual doctor defendants' special interrogatories and requests for production, but not to any
8   requests for admission.  *Id.*  Plaintiff's deposition was taken on September 10, 2024.  *Id.* ¶ 5.  On
9   October 4, 2024, the Court directed the parties to a magistrate judge for a settlement conference,
10  which took place on February 5, 2025.  Dkt. Nos. 40, 48.  At the conference, Amtrak and Union
11  Pacific settled with plaintiff and the Court later dismissed Amtrak and Union Pacific from this case.
12  Dkt. No. 52 at 3; Dkt. No. 58.

13        Now, after the settlement, plaintiff moves to remand the case back to state court citing a lack
14  of original federal subject matter jurisdiction since Amtrak is no longer present in the suit.  Dkt. No.
15  52.  The County and the three doctors filed separate oppositions and plaintiff replied.  Dkt. Nos. 54,
16  55, 56.

17
18  **LEGAL STANDARD**
19        A suit filed in state court may be removed to federal court if the federal court would have
20  had original subject matter jurisdiction over that suit.  28 U.S.C. § 1441(a); *Snow v. Ford Motor*
21  *Co.*, 561 F.2d 787, 789 (9th Cir. 1977).  If, after removal, the basis for subject matter jurisdiction
22  goes away, courts must remand the case to state court.  28 U.S.C. § 1447(c).  The proponent of
23  federal jurisdiction, typically the defendant, has the burden of establishing that removal is proper.
24  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The removal statute is strictly construed
25  against removal jurisdiction, and doubt is resolved in favor of remand.  *Libhart v. Santa Monica*
26  *Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

27        A primary basis for subject matter jurisdiction is federal question jurisdiction over actions
28  "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  When

exercising federal question jurisdiction, district courts shall have supplemental jurisdiction over state law claims that "form part of the same case or controversy" with the federal law claims in the litigation. 28 U.S.C. § 1367(a). But when the federal question claims have been dismissed, "the court may (and indeed, ordinarily should) kick the case to state court." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 31-32 (2025) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726-27 (1966)); 28 U.S.C. § 1367(c)(3). Courts consider the factors of judicial economy, convenience, fairness, and comity when deciding whether to retain or decline supplemental jurisdiction. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997).

**DISCUSSION**

Plaintiff filed her lawsuit in the Superior Court of Monterey County. Dkt. No. 1, Ex. A. The litigation arrived in this Court when defendant Amtrak properly removed the case under federal question jurisdiction.[1] Dkt. No. 1. Now that plaintiff has settled with Amtrak, she seeks to return the case to the forum she chose: the state court. Dkt. No. 52. Defendants argue that plaintiff has waived any right to remand and that declining to continue exercising subject matter jurisdiction would be unfair to the defendants. Dkt. Nos. 54, 55.

The defendant County's waiver argument fails because it does not address the core question presented: whether the Court should continue to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). The cases cited by the County involved procedural objections to removal, not jurisdictional objections. *See Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) ("A procedural defect in removal, such as untimeliness, does not affect the federal court's subject matter jurisdiction and therefore may be waived."); *SWC Inc. v. Elite Promo Inc.*, 234 F. Supp. 3d 1018, 1022 (N.D. Cal. 2017) ("Since the forum defendant rule is procedural rather than

---

[1] A claim against a federal corporation where the United States owns a majority of the corporation's stock is considered to raise a federal question under 28 U.S.C. § 1331. *See* 28 U.S.C. § 1349; *Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1060 (9th Cir. 2002), *as amended* (Aug. 7, 2002).

1  jurisdictional, a plaintiff must file a motion to remand on this basis within 30 days of removal."). If
2  the federal court loses jurisdiction, however, it must remand. 28 U.S.C. § 1447(c). The question is
3  therefore whether the Court should, in its discretion, relinquish or retain supplemental jurisdiction.[2]

4  Courts frequently decline supplemental jurisdiction if the federal question disappears before trial. Supplemental Jurisdiction—Discretionary Exercise of Supplemental Jurisdiction Under 28 U.S.C.A. § 1367(c), 13D Fed. Prac. & Proc. Juris. § 3567.3 (3d ed.) (collecting cases). Cases in a similar posture to the present suit have returned to state court. In *Hollus v. Amtrak Northeast Corridor*, the court dismissed defendant Amtrak on summary judgment and then declined to exercise supplemental jurisdiction over the claims against the remaining parties. 937 F. Supp. 1110, 1120-21 (D.N.J. 1996), *aff'd*, 118 F.3d 1575 (3d Cir. 1997). The court noted it had expended "little effort" in the case so far and that "[a]ny discovery which has been completed will prove as useful in the state court as it would have in this court." *Id.* at 1121. In *Rosenthal v. City of San Leandro*, the plaintiff sued Amtrak, Union Pacific, and the City of San Leandro in California state court. No. C01-03169WHA, 2002 WL 1813099, at *1 (N.D. Cal. July 26, 2002). After the plaintiff settled with Amtrak and Union Pacific, the Court granted the remaining parties' joint motion for remand. *Id.*

This litigation has not proceeded as far as the contrary authority cited by the defendants. *See Albingia Versicherungs A.G. v. Schenker International*, 344 F.3d 931, 938 (2003) (denying plaintiff's attempt to argue a lack of jurisdiction after plaintiff lost at summary judgment); *Hill v. Rolleri*, 615 F.2d 886, 888-89 (9th Cir. 1980) (affirming continued federal court jurisdiction over non-diverse defendants when plaintiff settled with diverse defendant during trial). Here, plaintiff moves to remand more than a year before the scheduled trial date and more than nine months before the deadline for filing dispositive motions. Dkt. Nos. 30, 52. The fact discovery period has not yet closed. Dkt. No. 30. Aside from the magistrate judge's settlement conference, the Court has directed minimal judicial resources to the case thus far. At this "early stage of the litigation," remand

---

[2] The individual doctor defendants also argue against remand on the basis that the initial removal was proper. Dkt. No. 55 at 2-4. This argument likewise disregards the more precise question of whether the Court should exercise supplemental jurisdiction at this stage of the litigation.

4

to state court is appropriate. *See Parra v. PacifiCare of Arizona*, Inc., 715 F.3d 1146, 1156 (9th Cir. 2013) (affirming remand after cross-motions for summary judgment for declaratory relief).

Defendants further argue that remand would be unfair, since plaintiff has "availed herself to the benefits of the federal forum in several ways." Dkt. No. 54 at 2. They argue this amounts to manipulative forum shopping and that plaintiff "cannot have her cake and eat it too." *Id.* Defendants sidestep how plaintiff was forced into the federal forum by Amtrak's removal. While plaintiff has responded partially to defendants' discovery, defendants do not assert that plaintiff has conducted her own affirmative discovery under the auspices of the federal court. Dkt. No. 54-1, ¶¶ 5-7. And the fact that plaintiff took advantage of the opportunity to have a settlement conference with a federal magistrate judge should not prejudice her ability to seek remand in the absence of continuing original jurisdiction.

Defendants also argue that remand would be unfair because plaintiff failed to timely respond to written discovery requests, including requests for admission. Dkt. No. 54 at 4-5; Dkt. No. 55 at 2. The Federal Rules of Civil Procedure state that matters are deemed admitted unless the other party submits a timely response. Fed. R. Civ. P. 36(a)(3). Specifically, the County asked plaintiff to admit that the County and its employees met the ordinary standard of care in the treatment of plaintiff's son. Dkt. No. 54-1, Ex. A. If admitted, defendants argue this admission would defeat plaintiff's sole claim of negligence. Dkt. No. 54 at 5. Defendants are concerned that remand would make their federal discovery efforts "null and void." Dkt. No. 54 at 6.

However, the Court finds that remand to state court would not be as unfair as defendants contend for two reasons. First, if the case remained in this Court, Rule 36(b) would give plaintiff an opportunity to withdraw an admission-by-nonresponse, where defendants would have to prove they were prejudiced by plaintiff's nonresponse to keep the admission in evidence.[3] *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007); Fed. R. Civ. P. 36(b). Second, California law has similar rules for requests for admissions in discovery, including a thirty-day timeframe for response

---

[3] Plaintiff would be likely to prevail on the other prong of the Rule 36(b) analysis—that withdrawal of the admission "would promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b).

and an opportunity to withdraw an admission, even an admission from a failure to respond. Cal. Code Civ. P. §§ 2033.250, 2033.280; *Wilcox v. Birtwhistle*, 987 P.2d 727, 728 (Cal. 1999). Given the similarities between federal and state discovery rules in this regard, the Court finds the state court could consider defendants' contentions equally fairly.

Lastly, the Supreme Court's recent opinion in *Royal Canin U.S.A., Inc. v. Wullschleger* provides further support for the Court's decision to decline jurisdiction. 604 U.S. 22 (2025). There, the Supreme Court held that if, after removal, a plaintiff amends a complaint to eliminate federal law claims, the district court lacks supplemental jurisdiction and must remand. *Id.* at 33. The Court reasoned, "there is no discretion to decline supplemental jurisdiction here because there is no supplemental jurisdiction at all. Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing—and § 1367(a) does not authorize a federal court to resolve them." *Id.* at 33-34. The circumstances here—where plaintiff settled the federal question rather than amended it away—are very similar to those in *Royal Canin*. And more generally, the Supreme Court indicated that in most discretionary decisions under § 1367(c) district courts should "kick the case to state court." *Id.* at 32. The Court is not persuaded to do otherwise here.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion and REMANDS the case to the Monterey County Superior Court.

**IT IS SO ORDERED**.

Dated: March 27, 2025

SUSAN ILLSTON
United States District Judge